NANCY A. CLANTON *vs.* ALFRED S. WRIGHT.

April Term, 1875.

LUNATIC—NON-RESIDENT—TRANSFER OF FUNDS TO ANOTHER STATE.—The funds of a non-resident lunatic, in the custody of this court, may be transferred to the state of the lunatic's residence, upon the production of a certified transcript of the proceedings in lunacy, including the appointment of the applicant as guardian or committee of the person and estate of the lunatic, and the execution of a bond with good security, in a penalty sufficient to cover the fund in this court, with special reference to such fund, and properly conditioned.

*J. R. Dillin,* for the petitioner.

THE CHANCELLOR :—There are funds in this cause belonging to the complainant. She is a citizen of the state of Missouri, and, upon proper proceedings in that state, has been adjudged a lunatic. A petition is now presented by William S. Patterson, stating that he has been appointed the committee or guardian of the lunatic by the court which issued the commission of lunacy, and that he has given bond, with good security, to manage and account for her estate, as required by the law of that state, and that this bond has been given with special reference to the fund in this court, and in a sufficient penalty to cover the fund. The record of the court appended to the petition shows the facts to be as alleged, and that the bond and other proceedings are in strict compliance with the provisions of our Code, §§ 2539–2543, prescribing the mode in which the property of a non-resident infant may be removed from this state to the state or territory of his residence.

We have no statute providing for the removal from this state of a lunatic's property, and the power to authorize the removal without a statute has been questioned. *McNeely* v. *Jamison,* 2 Jones Eq. 186. But the right of the court of chancery to transfer the funds of an estate which is being administered, from the forum of ancillary administration to the administration of the decedent's domicile, without the aid of a statute, has been universally admitted.

*Preston* v. *Melville*, 8 Cl. & Fin. 1; *Mackey* v. *Coxe*, 18 How. 100; *Keaton* v. *Campbell*, 2 Humph. 241. Our supreme court exercised such jurisdiction in the transmission of the property of an infant before the statute. *Baker* v. *Andrews' Heirs*, 3 Humph. 592. The supreme court of South Carolina reached the same conclusion, as to the power of the court, in *Ex parte Smith*, 1 Hill Ch. 140, and *Ex parte Heard*, 2 Hill Ch. 54. And, upon a careful consideration of the subject, I held that the funds settled in trust upon a married woman and her children by a decree of this court, and under its control, might be transferred to the custody and control of the court of another state, when the transfer was shown to be manifestly for the interest of the beneficiaries. *Yandell* v. *Elam*, 1 Tenn. Ch. 102. The power of the court, in its discretion, to allow the transfer of a lunatic's effects from England to Scotland, seems to be conceded in *The matter of Stark*, 2 Mac. & G. 174, though there are statutes regulating the subject the exact purport of which, on this point, does not appear. I am satisfied that it is for the interest of the lunatic that this application should be granted, and I feel safe in ordering the transfer upon a record which pursues the statute regulating the removal of an infant's estate. The record of the Missouri court will be entered on the minutes of this court, and the funds, after the payment of costs and fees chargeable thereon, will be paid to the guardian, upon his receipt, to be also spread on the minutes.